DECISION
On March 24, 1994, defendants Edward D. DiPrete and Dennis L. DiPrete were indicted for engaging in racketeering activities between January 1, 1985, and December 31, 1990, consisting of multiple enumerated acts of bribery and extortion and one count each of perjury based upon testimony before the Rhode Island Ethics Commission.
In June 1994, the parties entered into a stipulation in which the state agreed to provide the defendants with certain discoverable exculpatory evidence. In July 1995, the defendants filed motions requesting the state's disclosure of various materials, which the court heard on August 24, 1995, and August 29, 1995, and ordered the state to produce all exculpatory evidence within its knowledge to the defendants. The aforementioned order required the state to produce material relative to all of the counts of the indictment, including the perjury counts.
Upon motion of the defendants, on November 20, 1995, the court severed the two perjury counts, finding that "the substantial prejudice to the defendants, were they made to defend their statements before the Ethics Commission before the same jury as the substantive counts, far outweighs any benefit to the State in trying the counts together." The court's finding was made while observing that there existed some commonality among the perjury counts and the remaining counts of the indictment.
On August 26, 1996, the defendants filed a Motion for Remedial Sanctions alleging prosecutorial misconduct during the pretrial stages of the case involving the extortion/bribery related counts emanating from alleged continuous violations of the state's agreed to and/or constitutional obligations to provide certain materials to the defense as well as violations of specific orders to produce.
After a protracted evidentiary hearing, the court dismissed the extortion/bribery related counts by written decision of March 11, 1997. The basis for the dismissal was the failure of the state prosecutors to provide agreed to or ordered information about key prosecution witnesses — Rodney Brusini, Frank N. Zaino, Michael Piccoli, and Mathias Santos. Among the information the court found to have been wrongfully withheld was the forbearance of the state to pursue perjury charges against Brusini; the attempt to present Zaino as a clean witness by assisting in the amendment of his tax returns, which involved questionable deductions, and the prosecutors' failure to notify the Family Court of an admittedly false affidavit Zaino filed in connection with his divorce; a prosecutor's appearance before the sentencing judge on behalf of Piccoli in a criminal case wherein he recommended no jail time and a restitution amount lower than that which was fraudulently obtained; and documents indicating prosecutors' knowledge that Santos was engaged in various criminal activities for indirect, personal financial benefit.
Based upon the above facts, as well as other numerous facts involving the four witnesses produced during the hearing which the court accepted as true, the court drew an inference that the prosecutors were aware of the existence of the withheld material by September 1995 but still chose not to comply with court orders. The court concluded that the prosecutors had engaged in a willful and deliberate course of misconduct contributed to by a lack of due diligence, resulting in repeated violations of Super. Ct. R. Crim. P. 16; the failure to provide exculpatory information to the defendants as required in Brady v. Maryland,373 U.S. 83, 83 S.Ct. 1194 (1963); failure to comply with the stipulation between the parties; and, most egregious of all, failure to comply with explicit court orders. The court found the pattern of misconduct to be so pervasive that defendants suffered substantial prejudice warranting dismissal of the first twenty-two counts.
Defendants now urge dismissal of the two perjury counts, arguing that they are based solely upon the testimony of the same witnesses about whom this court found the state had deliberately withheld key evidence impacting directly upon the issues of their credibility and truthfulness. They argue that but for the severance, the two perjury counts would have also been dismissed, a statement which the state concedes "is in all likelihood correct."
As observed, the state possessed all of the withheld documents in September 1995, at least two months prior to the court's severance of the perjury counts. Therefore, the misconduct found by the court to have occurred with the withheld discovery documents remains as relevant to the perjury counts as to the other twenty-two counts which the court dismissed.
In opposing defendant's motion to dismiss, the state argues that the court, in its decision to sever, found no commonality of evidence between and among the perjury and other counts. The state urges that the decision to sever constitutes the 'law of the case' regarding commonality of evidence. It is the state's position that the court is precluded from now finding that there is a commonality of evidence when addressing defendants' motion to dismiss. The court is not persuaded by the state's argument and finds it to be without merit.
Assuming, arguendo, that the law of the case principle is relevant, it has no applicability to the issue presented because the factual predicate upon which the state bases its argument, i.e., that the court found no commonality when severing the perjury counts, is inaccurate. The state's position is further made untenable because at a conference held on June 4, 1997, it conceded that a commonality of evidence exists between perjury counts twenty-three and twenty-four and the counts which the court dismissed. It also acknowledged that the same principal witnesses that were the subject of the dismissal hearing on the first twenty-two counts would be used for the perjury counts.
In its decision of March 11, 1997, the court outlined, at great length, the standard which it applied in determining that dismissal of counts one through twenty-two was the appropriate sanction for the state's misconduct. Since by the state's own admission that a commonality of evidence exists between the perjury counts and the counts that were dismissed, the same standard employed by the court is equally relevant to the perjury counts.
The court finds that the prosecutorial misconduct found to have unconstitutionally deprived defendants of their substantive due process rights relative to the dismissed extortion/bribery counts also deprived defendants of those rights with respect to the remaining perjury counts.
Consequently, for the foregoing reasons and as observed by the court in its March 11, 1997 decision that the state cannot be allowed to benefit from having acted in a manner that is less than constitutional and ethical in the pursuit of convictions, counts twenty-three and twenty-four are dismissed.